UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RANGEL,<br><br>            Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>            Defendant. | **Case No. 1:16-cv-001895-GSA**<br><br>**ORDER DIRECTNG ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF ANTONIO RANGEL. AND AGAINST DEFENDANT, NANCY A. BERRYHILL, ACTING COMMISSION OF SOCIAL SECURITY** |

**I.**    **INTRODUCTION**

Plaintiff, Antonio Rangel ("Plaintiff"), seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs (Docs. 9, 14, and 15), which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] Upon a review of the administrative record, the Court finds the ALJ did not apply the correct legal standards and the decision is not supported by substantial evidence. Accordingly, Plaintiff's

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 4 and 5).

1

Appeal is GRANTED IN PART and the case is remanded to the agency for further proceedings.

## II. FACTS AND PRIOR PROCEEDINGS

### A. Background

On October 9, 2013, Plaintiff filed an application for DIB claiming disability beginning October 7, 2013, due to posttraumatic stress disorder ("PTSD"), an anxiety disorder, panic attacks, insomnia, racing thoughts, hyperventilation, flashbacks, and nightmares. AR 29; 32; 111; 145-147; 149-153; 243-246; 264. The parties agree that Plaintiff properly exhausted his administrative remedies and that the Appeals Council denied Plaintiff's appeal. (Doc.9, pgs. 6-7 and Doc. 14, pg. 2). Therefore, this appeal is a review of Administrative Law Judge Judson Scott's ("ALJ") decision issued on August 5, 2015, which is considered the Commissioner's final order. *See*, 42 U.S.C. §§ 405(g), 1383(c)(3). AR 29-38.

Plaintiff is now challenging ALJ Scott's decision arguing that the ALJ erred by: (1) failing to appropriately consider Plaintiff's Veteran's Affair's ("VA") disability rating; (2) improperly rejecting Plaintiff's treating psychiatrist's (Dr. Domb's) opinion; and (3) improperly assessing Plaintiff's credibility . (Doc. 9, pgs. 6-21; Doc. 15, pgs. 2-5). Plaintiff requests that the Court remand the case for an award of benefits, or alternatively, that the case be remanded for further proceedings.  In opposition, Defendant argues that: (1) the ALJ properly considered the VA's disability ratings; (2) the ALJ's evaluation of the medical opinion evidence was proper; and (3) the ALJ properly rejected Plaintiff's testimony. Therefore, the ALJ's decision is supported by substantial evidence and it should be affirmed. (Doc. 20, pgs. 4-15).

### B. Summary of the Medical Record

The Court has reviewed the entire medical record. AR 331-1539. Because the parties are familiar with the Plaintiff's medical history, the Court will not exhaustively summarize these facts in this order. Relevant portions of the medical record related to the issues raised in this appeal will be referenced in this decision where appropriate.

## III. THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or

mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 404.1502(a)-(f).[3] The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 404.1502(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 404.1527.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically-determinable "severe" impairments,[4] (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his or her past relevant work,[5] and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 404.1520(a)-(f).

///

---

[3] All references to the regulations in this order are to the 2015 regulations which were the regulations in effect at the time the ALJ issued his decision.

[4] "Severe" simply means that the impairment significantly limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.920(c).

[5] Residual functional capacity captures what a claimant "can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

## IV. SUMMARY OF THE ALJ'S DECISION

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 38. In particular, the ALJ found that Plaintiff last met the insured status requirements through December 31, 2018, and that he had not engaged in substantial gainful activity from his alleged onset date of October 7, 2013. AR 31. Further, the ALJ identified "chronic anxiety disorder with moderate control, asthma with poor control, diabetes with poor control," and alcohol dependence in remission as severe impairments. AR 31-32. The ALJ also determined that Plaintiff does not have an impairment, or combination of impairments that meet, or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 32-34.

Based on a review of the entire record, the ALJ determined that Plaintiff had the RFC to perform a wide range of medium work as defined in 20 C.F.R. § 404.1567(c), except that he was limited to lifting/carrying fifty pounds occasionally and twenty-five pounds frequently, including the use of foot controls; he could perform frequent postural movements; he could not work around dusts, gases, fumes above street levels of concentration, or extreme cold; he must avoid work at unprotected heights or around hazardous moving machinery; he was able to do simple through complex work; he was limited to occasional interaction with the public and frequent interaction with supervisors and coworkers; and he was limited to low-stress occupations, defined as few changes in the work or its setting. AR 34-36.

## IV. STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas*

4

*v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## V. DISCUSSION
### A. The ALJ's Evaluation the Administrative Record, Including the 2013 VA Disability Rating and the Medical Opinions, is Not Supported by Substantial Evidence.

#### *1. The VA Rating*

Plaintiff argues that the ALJ failed to appropriately consider a 2013 VA disability rating finding he was entitled to a 100% disability rate due to mental impairments. AR 247-248. Specifically, he contends that the ALJ committed clear error because the only reason the ALJ gave for discounting the report was that, "… any disability findings from the VA are not binding on this decision because of the different criteria and standards used by the VA to rate and evaluate disability." AR 36. Plaintiff argues that this reason violates established Ninth Circuit precedent requiring that the ALJ give deference to this decision, or provide reasons for not doing so. (Doc. 9, pgs. 17-18). In Opposition, the Commissioner argues that Plaintiff has failed to explain how the VA's findings translate into findings under the Social Security Act. Further, Defendant argues that the RFC properly incorporates the medical opinion evidence, Plaintiff's activities of daily living, and his treatment history. (Doc. 14, pg. 11). After reviewing the record, the Court is not persuaded by the Commissioner's arguments.

In 2013, Plaintiff requested a review of his VA disability rating. At that time, Plaintiff had a "70 percent disabling" rating due to his anxiety disorder and a history of posttraumatic stress disorder. AR 248. The VA reviewed Plaintiff's case and increased Plaintiff's entitlement to a 100% rate effective November 1, 2013. AR 248. Plaintiff correctly argues that the ALJ erred when rejecting this opinion because the only reason the ALJ gave to discredit this rating was that it related to Plaintiff's application for Veteran's benefits and that decision is not binding on the Social Security disability determination. The ALJ also reasoned that the VA uses different criteria and standards to rate and evaluate disability. AR 36. Both reasons are insufficient.

5

It is well established that although a disability determination by the VA is not binding on the Social Security Administration ("SSA"), an ALJ must consider that determination in reaching his decision. *Berry v. Astrue*, 622 F. 3d 1228, 1236 (9th Cir. 2010); *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20 C.F.R. § 404.1504. In fact, the ALJ "must ordinarily give great weight to a VA determination of disability." *Berry*, 622 F. 3d at 1236; *McCartey*, 298 F.3d at 1076. However, "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Berry*, 622 F. 3d at 1236; *McCartey*, 298 F.3d at 1076

Here, simply stating that the report will be given less weight because it was a decision regarding Plaintiff's eligibility for Veteran's benefits runs afoul of the rationale in *McCartey*, 298 F.3d at 1076. *McCartey* requires that the VA assessment be given great weight because:

> [b]oth programs serve the same governmental purpose - providing benefits to those unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims.... Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims. The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework.

*McCartey*, 298 F. 3d at 1076. Thus, the Ninth Circuit has acknowledged the similarity between these programs which undermines the ALJ's statement that he gave the report little weight because the VA uses different criteria and standards to assess disability. AR 36. The Commissioner's argument that Plaintiff failed to explain how the VA's findings translate into findings under the Social Security Act is also not supported as it is the ALJ's burden to provide reasons for rejecting the VA's determination. Similarly, as outlined below, the Court is not persuaded by the Commissioner's other assertion that the ALJ properly assessed the medical record, including the medical opinion evidence, Plaintiff's treatment records, and his activities of daily living when formulating the RFC.

6

### 2. *The Medical Opinion Evidence*

#### a) The Legal Standard

Under the law of this circuit, the opinions of treating physicians, examining physicians, and non-examining physicians are entitled to varying weight in disability determinations. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). However, the opinions of a treating or examining physician are "not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). An ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle*, 533 F.3d at 1164. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected for specific and legitimate reasons. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017); *Garrison v. CSS*, 759 F.3d 995, 1012 (9th Cir. 2014); *Ghanim v. CSS*, 763 F.3d 1155, 1161(9th Cir. 2014). The opinion of a non-examining physician may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957. Such independent reasons may include laboratory test results or contrary reports from examining physicians, and Plaintiff's testimony when it conflicts with the treating physician's opinion. *Lester*, 81 F.3d at 831, *citing Magallanes v. Bowen*, 881 F.2d 747, 751-755 (9th Cir. 1989).

Here, the ALJ discussed four doctors' opinions when evaluating Plaintiff's mental impairments: Dr. Sarah Domb, M.D., Plaintiff's treating psychiatrist at the VA; two state agency non-examining psychologists - Dr. Susan Daugherty, Ph.D. and Dr. Timothy Schumacher, Ph.D.; and Dr. Robert McDevitt, M.D., who testified as an expert witness at the hearing.[6] AR 84-99.

#### i) Dr. Sarah Domb's Opinion

In a Mental Impairment Questionnaire dated January 14, 2014, Dr. Domb, Plaintiff's

---

[6] Plaintiff was also examined by Dr. Greg Hirokawa, Ph.D., on March 16, 2014. AR 923-928. Plaintiff described symptoms of depression, anxiety, suspiciousness, sleep disturbances, difficulty establishing work and social relationships, and difficulty adapting to stress. AR 926-927. Dr. Hirokawa diagnosed anxiety and opined that Plaintiff required ongoing treatment. AR 927. No functional limitations were identified and the ALJ did not address this opinion in his decision.

7

treating psychiatrist at the VA, diagnosed PTSD, anxiety disorder, rule-out panic disorder, history of traumatic brain injury, and depressive disorder. AR 915-921. Dr. Domb opined that Plaintiff had "marked" limitations (defined as "more than 2/3 of an eight-hour workday") in his ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; work in coordination with or near others without being distracted by them; complete a workday without interruptions from psychological symptoms; perform at a consistent pace without rest periods of unreasonable length or frequency; interact appropriately with the public; respond appropriately to workplace changes; and travel to unfamiliar places or use public transportation. AR 918. The psychiatrist also found that Plaintiff had "moderate to marked" limitations (defined as "symptoms frequently interfere with ability" or from "1/3 – 2/3 of an eight-hour workday") with his ability to remember locations and work-like procedures; understand, remember, and carry out one-to-two step instructions; perform activities within a schedule and consistently be punctual; sustain ordinary routine without supervision; make simple work-related decisions; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without distracting them; maintain socially appropriate behavior; adhere to basic standards of neatness; be aware of hazards and take appropriate precautions; set realistic goals; and make plans independently. AR 918. Dr. Domb estimated Plaintiff would miss work more than three times a month. AR 919.

In a subsequent letter dated January 24, 2014, Dr. Domb reported treating Plaintiff since 2012 after his previous psychiatrist left the VA. AR 1011. Despite some improvement with treatment, Dr. Domb indicated that Plaintiff still exhibited symptoms of insomnia, restless sleep, nightmares, increased arousals, decreased concentration, impaired ability to perform tasks in a stressful or group environment, and a depressed mood. She opined that Plaintiff's anxiety "persists to the point where he is unable to function normally during daily activities," even after having made significant improvement. AR1011. She also noted that neuropsychological testing revealed Plaintiff had problems trusting others, decreased cognition, and an inability to carry out simple tasks in stressful environments. AR 1011-1012. Dr. Domb further opined Plaintiff would

not improve in the following 12 months, and that Plaintiff could not function in a work-environment because he could not take care of basic tasks in an organized, structured environment due to his anxiety. AR 1012.

### ii. Dr. McDevitt's Opinion

Dr. McDevitt, a psychiatrist, reviewed the record and on April 29, 2015, he testified at the hearing as an expert witness. AR 32-33; 84-99. He found Plaintiff had mild restrictions in activities of daily living and moderate restrictions in social functioning and in concentration, persistence, and pace. He opined that Plaintiff could perform simple routine work and complex work, but that he would be precluded from truck driving due to his medications; he could work with coworkers and supervisors frequently, but was limited to occasional interaction with the general public; he needed a low-stress occupation due to anxiety; and he could maintain normal work attendance and stay on task. AR 32-33; 87; 94-95. The ALJ attributed great weight to Dr. McDevitt's opinion. AR 33.

### iii. The Non-Examining Psychologists' Opinions

On December 30, 2013, Dr. Susan Daugherty Ph.D., found Plaintiff had mild limitations in performing his activities of daily living; moderate limitations in social functioning; moderate limitations in maintaining concentration, persistence, or pace; and he had not experienced any episodes of decompensation. AR 33; 117. On April 11, 2014, state-agency reviewing psychologist Timothy Schumacher, Ph.D., agreed with Dr. Daugherty's assessment. AR 33; 133. The ALJ attributed great weight to both Dr. Daugherty and Dr. Schumacher's opinions. AR 33.

### b. *Analysis*

As noted above, after summarizing the opinions, the ALJ rejected Dr. Domb's opinion. AR 33. The only reason the ALJ gave to afford this opinion little weight was that "it [was] not consistent with the medical evidence. For example, "[Plaintiff] has been hospitalized for his asthma but it was not serious enough to require intubation and no complications were observed." AR 33. While it is true that an ALJ is responsible for resolving conflicts in the medical record, if a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may only be rejected for specific and legitimate reasons. *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d 995,

1012 (9th Cir. 2014); *Ghanim*, 763 F.3d at 1161. Here, the judge's reasoning is not specific or legitimate. Merely stating the opinion is not consistent with the medical evidence without identifying what that medical evidence is, is not sufficient. Moreover, the example the ALJ gave to support his reasoning relates to Plaintiff's asthma. It is unclear how Plaintiff's asthma condition is relevant or provides a legitimate basis to reject a treating psychiatrist's opinion regarding Plaintiff's anxiety disorder.

Defendant argues that the ALJ's reliance on the other medical opinions in the record is substantial evidence to support the ALJ's opinion. Although it is true that an ALJ may rely on the opinions of non-examining medical experts and may consider them in the context of the whole record, the opinion of a non-examining physician "cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining or a treating physician." *Lester*, 81 F. 3d at 831. The opinion of a non-examining physician may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957. Such independent reasons may include laboratory test results or contrary reports from examining physicians, and Plaintiff's testimony when it conflicts with the treating physician's opinion. *Lester*, 81 F.3d at 831, citing *Magallanes*, 881 F.2d at 751-755. This is especially true when evaluating the opinions of treating physicians and specialists whose opinions are entitled to deference. 20 C.F.R. § 404.1527(c)(2) (Generally, more weight is given to treating physicians and specialists about medical issues related to his or her specialty area); *See, Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004) (treating physician's opinion is afforded more weight than that of a non-examining reviewing or consulting physician); *Holohan v. CSS*, 246 F. 3d 1195, 1202-1203 n. 2 (9th Cir. 2001) (specialty of medical source is relevant when weighing opinions).

Here, all of the other doctors were non-examining physicians who reviewed the same evidence as Plaintiff's treating physician yet reached a different result. This does not constitute substantial evidence. Additionally, it is not clear that the ALJ considered the appropriate factors in 20 C.F.R. § 404.1527(c)(2)-(6) related to Dr. Domb's treatment such as the length of the treating relationship, the frequency of examination, the nature and the extent of the treating

10

relationship, or the supportability of the opinion. *Trevizo*, 871 F.3d 676.

Defendant argues that the non-examining physicians found that Plaintiff's mental-status examinations did not support finding disabling limitations. However, the ALJ did not articulate this reason as a basis to give these doctors' opinions greater weight. This is a *post hoc* rationalization that this Court is not permitted to entertain. A reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)). Similarly, Defendant argues that the ALJ noted that Plaintiff showed moderate success with his medication regimen, and that his medication use was inconsistent, which supports the ALJ's analysis of the medical record. AR 32-34. However, a review of the medical record suggests that the ALJ's characterization of the evidence is inaccurate. The document referenced by the ALJ (a letter written by Dr. Dombs) in support of his assertion regarding Plaintiff's improvement while on medications clearly indicates that notwithstanding that success, Plaintiff had "severe psychiatric distress," and that his prognosis is not likely to improve in the next twelve months. AR 335. In January 2014, Dr. Dombs explicitly stated that over the 1 ½ years that she had been treating Plaintiff he made significant improvement, however, his anxiety persists to the point that he is unable to function during daily activities. AR 1011. Moreover, the example that the ALJ gave that Plaintiff was not taking his medication regularly in January 2013 (AR 32; 671), does not establish substantial evidence that this was a recurrent problem given the over 1500 medical record in this case. In fact, the ALJ largely ignores considerable portions of recent treatment notes from 2014-2015 which need to be considered in order to make an appropriate assessment of the severity of Plaintiff's impairments. AR 32-34;1011;1137;1139;1145-1147; 1476;1478;1456;1513-1519.

Finally, the ALJ's reliance on Plaintiff's ability to do yard work and use public transportation as a basis to give Dr. McDermitt's opinion greater weight is also insufficient. The ALJ did not explain how completing yard work and using public transportation is indicative of Plaintiff's ability to work full-time given his significant anxiety disorder. If the ALJ intends to rely on these factors, more information needs to be obtained from Plaintiff about these activities,

11

and an assessment on how these activities impact his ability to work needs to be discussed. *Trevizo*, 871 F. 3d at 676 (Absent specific details about activities of daily living (childcare responsibilities), these tasks cannot constitute substantial evidence to reject a treating physician's opinion).

Given all of the above, the ALJ did not apply the correct legal standards when evaluating the medical evidence and his decision is not supported by substantial evidence. In light of this finding, the Court will not address Plaintiff's other arguments regarding the ALJ's credibility analysis as credibility is inescapably linked to an evaluation of the medical evidence. 20 C.F.R. § 404.1529.

## VI. <u>REMAND FOR FURTHER ADMINSTRATIVE PROCEEDINGS</u>

The Court must determine whether this action should be remanded to the Commissioner with instructions to immediately award benefits, or whether this action should be remanded to this Commissioner for further administrative proceedings. Remand for further proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Garrison,* 759 F. 3d at 1020. Conversely, a court should remand for an award of benefits when: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. at 1020. Even if all three of these criteria are met, the Court can retain flexibility in determining an appropriate remedy. *Brown-Hunter v. Colvin*, 806 F. 3d 487, 495 (9th Cir. 2015).

Here, the Court notes that notwithstanding the above, there is evidence that Plaintiff my not be disabled given that there are three non-examining physicians who have opined that Plaintiff would still be able to perform some work. AR 33; 88-99; 117. On remand, the ALJ should evaluate the medical evidence, including Dr. Domb's opinion, by considering the entire medical record (as identified in this order), as well as the factors set forth in 20 C.F.R. § 404.1527(c)(2)-(6). Although not required, it is recommended that a consultative psychiatrist

(rather than a non-examining physician) evaluate Plaintiff's extensive anxiety history and provide a functional assessment of Plaintiff's abilities. Any subsequent decision shall discuss the weight assigned to each physician's opinion, the reasons for making such a determination, and why substantial evidence supports that conclusion. The ALJ should then formulate a RFC that encompasses any limitations and/or opinions that are supported by substantial evidence. The ALJ shall also reassess the VA disability rating using the appropriate legal standard.

Importantly, the Court expresses no opinion regarding how the evidence should ultimately be weighed, or how any ambiguities or inconsistencies resolved on remand. The Court also does not instruct the ALJ to credit any particular opinion or testimony, provided the ALJ's determination complies with applicable legal standards, is clearly articulated via appropriate reasoning provided in the decision, and is supported by substantial evidence in the record. Conversely, the ALJ may ultimately find plaintiff disabled during the appropriate period.

## VII. **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision that Plaintiff is not disabled is not supported by substantial evidence in the record as a whole, and is not based on proper legal standards. Accordingly, this Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgement in favor of Plaintiff, Antonio Rangel, and against Nancy A. Berryhill, the Acting, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **March 26, 2018**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

13

14